

**SO ORDERED.**

**SIGNED this 26 day of January, 2010.**

_____
                               **JAMES D. WALKER, JR.**
                       **UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | CASE NO. 09-31587-JDW |
| JAMES FLOWERS, | : | |
| | : | |
| DEBTOR. | : | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

For Movant:      Robert G. Fenimore
                          440 Martin Luther King Blvd., Suite 302
                          Macon, Georgia 31201

For Respondant:  Sophania Forte
                          361 Six Flags Drive, Suite 107
                          Austell, Georgia 30168

MEMORANDUM OPINION

This matter comes before the Court on the United States Trustee's motion for sanctions and injunction against a bankruptcy petition preparer.  This is a core matter within the meaning of 28 U.S.C. §157(b)(2)(A).  After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

The United States Trustee filed a motion against bankruptcy petition preparer Sophania Forte, seeking sanctions of $2,000, disgorgement of her $200 fee, and an injunction barring her from preparing or filing further documents in the Bankruptcy Court for the Middle District of Georgia.  The Court held a hearing on the motion on January 19, 2010.  During the hearing, the Trustee presented evidence, including the testimony of Debtor James Flowers.  Ms. Forte did not appear at the hearing or otherwise respond to the Trustee's motion.

The Court finds the relevant facts to be as follows: Debtor filed a Chapter 7 petition on September 29, 2009, without the assistance of an attorney.  Instead, Debtor paid Ms. Forte $200 to prepare his schedules and other documents in the case.  Debtor testified Ms. Forte never held herself out as an attorney and he knew she was not an attorney.  However, Debtor did not know to what extent Ms. Forte could provide him with advice about filing a bankruptcy case.

Schedule C of Debtor's petition claims a number of exemptions and lists the corresponding Georgia Code sections authorizing those exemptions.  However, Debtor testified he did not give Ms. Forte that information.  In fact, he said he was unsure what exemptions are or

how they are provided for by law. Debtor further testified that when he asked Ms. Forte about the possibility of retaining his vehicle, she instructed him to enter into a reaffirmation agreement with the creditor. In addition, she advised Debtor that he could pay his filing fee in installments, which he did.

Although Ms. Forte provided her name, address, and signature on all the documents she prepared, she did not provide her full social security number. None of the documents contain more than the last four digits of her social security number.

Ms. Forte has been cited previously by the State Bar of Georgia for engaging in the unlicensed practice of law, and she signed a cease and desist affidavit on April 15, 2009.

### Conclusions of Law

Sophania Forte is a bankruptcy petition preparer under 11 U.S.C. § 110(a)(1). Therefore, she is subject to penalties for negligently or fraudulently preparing a bankruptcy petition as set forth in § 110, which can be summarized in relevant part as follows:

- A BPP must sign and print her name and address on any document she prepares for filing. *Id.* § 110(b)(1).

- A BPP must place her social security number after her signature on any document she prepares for filing. *Id.* § 110(c)(1), (2).

- A BPP may not offer a potential bankruptcy debtor legal advice. *Id.* § 110(e)(2)(A)

- The Court may order a BPP to turn over to the United States Trustee any fee exceeding the value of any services provided. *Id.* § 110(h)(3)(A).

- The Court may enjoin a BPP from preparing petitions if she has continuously engaged in conduct that violates § 110 and injunction of that conduct would be insufficient to prevent the

BPP from interfering with administration of the Bankruptcy Code. *Id.* § 110(j)(2)(B).

-A BPP who fails to comply with the requirements of § 110 may be fined no more than $500 per violation. *Id.* § 110(l)(1).

*Violations*

Ms. Forte violated § 110(c)(1) six times by failing to put her full social security number on the petition, Official Form B19, the verification of schedules, the statement of financial affairs, the fee disclosure statement, and the notice to consumer debtor.

Ms. Forte violated § 110(e)(2) by making legal determinations regarding Debtor's exemptions.

Ms. Forte violated § 110(e)(2) by advising Debtor about retaining property via execution of a reaffirmation agreement.

Ms. Forte violated § 110(e)(2) by advising Debtor about paying his bankruptcy filing fees in installments.

*Penalties*

Turning to the penalty for Ms. Forte's violations of § 110, the United States Trustee requested disgorgement of fees and the imposition of fines. Furthermore, the United States Trustee asked the Court to enjoin Ms. Forte from preparing bankruptcy documents for filing in the Middle District of Georgia.

**Fees:** The Bankruptcy Code authorizes disgorgement of fees for a violation of § 110. In this case, the Court has found multiple violations by Ms. Forte of subsections (c) and (e). Therefore, the Court will require Ms. Forte to refund the $200 she received from Debtor.

**Fines:** The Court finds Ms. Forte engaged in the unauthorized practice of law by providing legal advice to Debtor at least three times during the pendency of this case by

determining Debtor's exemptions, advising Debtor about reaffirmation agreements, and advising Debtor about paying filing fees in installments.  The Court will impose a fine of $500 for each of these infractions, for a total of $1,500.

With regard to Ms. Forte's failure to place her full social security number on the required documents, the Court will impose a total fine of $500.

**Injunction:** Bankruptcy is a complex arena, filled with potential legal pitfalls for the pro se debtor.  It is clear Ms. Forte attempted to provide the same services as an attorney by providing legal advice to Debtor, despite indicating that she was not an attorney.  While the occasional failure to comply with the technical requirements of 11 U.S.C. §110 would not be grounds to enjoin a petition preparer from future cases, the Court believes a non-lawyer providing legal advice to a pro se debtor is a dangerous practice that could eventually lead to disaster.  The Court finds Ms. Forte has not only engaged in the unauthorized practice of law in the present case, she  previously has been cited by the State Bar of Georgia for doing so. Because her behavior represents an ongoing problem, the Court will enjoin Ms. Forte from filing, or preparing any documents for filing, in the Middle District of Georgia until such time as she makes a motion and requests a hearing before the Court to show cause as to why she should be allowed to do so.

**Conclusion**

The Court finds Ms. Forte's conduct constitutes multiple violations of §110. Consequently, the Court will require her to refund the $200 fee paid by Debtor by issuing certified funds, made out to Debtor, and sent to Office of the United States Trustee on or before February 1, 2010.  Further, the Court will order Ms. Forte to pay fines totaling $2,000  to the

United States Trustee on or before February 1, 2010.  If Ms. Forte fails to pay the above as required, she may be held in contempt of this order.  The Court also will enjoin Ms. Forte from filing, or preparing for filing, any documents in the Middle District of Georgia until further order of this Court.

END OF DOCUMENT